**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **WALTER CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO: 3:20-CV-11** |
| | ) | |
| **ARAMARK UNIFORM &** | ) | |
| **CAREER APPAREL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     This is an action brought by Plaintiff, Walter Clark ("Clark"), by counsel, against Defendant, Aramark Uniform & Career Apparel, LLC ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

### II. PARTIES

2.     Clark is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided in Vanderburgh County, State of Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3.     Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

1

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12117, and 42 U.S.C. §2000e-5(f)(3).

5.      Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

6.      At all times relevant to this action, Clark was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

7.      Clark is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Clark's disability and/or Defendant regarded Clark as being disabled.

8.      Clark exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

9.      A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV.  FACTUAL ALLEGATIONS

10.      Clark, who is African American, was hired by the Defendant on or about August 7, 2018.  He held the position of Utilities/Maintenance upon his termination on April 23, 2019.

11.     At all times relevant, Clark met or exceeded Defendant's legitimate performance expectations.

12.     Clark is disabled as that term is defined by the ADAAA.  Clark's disability affects his major life activities of standing, among others, but he is able to perform the essential functions of his position with or without an accommodation.

13.     About one month after Clark began his employment, a Caucasian co-worker, Brad Cole ("Cole"), who upon information and belief, holds a higher position than Clark, walked by Clark and stated "snitching ass nigger."  Clark said, "What?" and Cole responded with "I wasn't talking to you."

14.     Clark reported the racial harassment to Defendant's General Manager, Pam Silver ("Silver"), who is Caucasian. Silver stated she would take care of the matter.

15.     Clark was then pulled into a meeting with Silver and Defendant's Plant Manager, Tony Luigs ("Luigs"), and Clark informed them again of the harassment. Clark did not have his union representative present. Luigs and Silver stated they would take care of the issue but it was Clark's word against Cole's word. Clark asked if this matter was going to hurt his employment and Silver stated "not this time, unless this keeps occurring."

16.     To Clark's knowledge, Cole was talked to about the racial harassment, but was not disciplined. Moreover, Cole kept harassing and retaliating against Clark. Cole would refer to Clark as a "do nothing/Mr. Do Nothing" and on another occasion, forced his way past Clark to get to the time clock and stepped on Clark's foot. Clark

Case 3:20-cv-00011-RLY-MPB   Document 1   Filed 01/23/20   Page 4 of 8 PageID #: 4


reported the on-going harassment to Silver. Again, the Defendant took no meaningful action.

17.     Clark then started enduring harassment from two of Brad's cousins, Rhonda and Dottie (last names unknown), who are Caucasian, who work for the Defendant. Rhonda even stated that there was nothing Clark could do to her to stop the harassment – meaning reporting the harassment to the Defendant would not do any good.

18.     Clark was also being harassed by his Caucasian supervisors – Jeremy and John (last names unknown).

19.     In mid-February 2019, Clark called Defendant's hotline to report the harassment. About one week later, Clark was pulled into a meeting with Luigs and Silver. They stated they knew it was Clark who called the hot line because of Clark's issues with Brad. Clark stated that he had no choice other than to file the report because nothing was being done and he wanted to be left alone. Luigs stated he watched the cameras and saw Clark on his cell phone for 25 minutes. Clark asked to see the video and Luigs stated he did not have time to show him.

20.     Luigs then stated that they always had to find Clark. Clark's job requires him to walk around the facility and Clark reminded Luigs that he had asked for a radio so he could communicate throughout the facility. Luigs then stated they were going to change Clark's position, which he knew would not work for Clark due to Clark's disabilities.

4

21.     Clark was then placed in a position that required him to stand in one place and fold mats and blankets for his entire shift. Clark brought in a doctor's note with restrictions that he not be placed in a static/standing position for his entire work shift, but he could continue in the position he was hired to do.

22.     Finally, starting March 12, 2019, Clark received four (4) disciplinary actions, received several undeserved attendance points and finally was terminated on April 23, 2019. First, several of the disciplinary actions were unwarranted and the attendance issues were preapproved by Silver who later counted the points against Clark. Moreover, Caucasian employees – e.g. Rhonda and Dottie – have similar to worse attendance records and have not been terminated.

23.     Clark was harassed and terminated due to his race and/or harassed and terminated for engaging in a protected activity in violation of Title VII

24.     Clark was discriminated against and terminated based on his disability, in violation of the ADAAA.

## V. LEGAL ALLEGATIONS

### COUNT I – DISABILITY DISCRIMINATION

25.     Paragraphs one (1) through twenty-four (24) of Clark's Complaint are hereby incorporated.

26.     Defendant violated Clark's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by subjecting him to disparate treatment and terminating his employment because of his actual or perceived disability.

5

27.     Defendant's actions were intentional, willful and in reckless disregard of Clark's rights as protected by the ADA.

28.     Clark has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II – RACE DISCRIMINATION

29.     Paragraphs one (1) through twenty-eight (28) of Clark's Complaint are hereby incorporated.

30.     Defendant violated Clark's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq* by subjecting him to disparate treatment and terminating his employment because of his race.

31.     Defendant's actions were intentional, willful and in reckless disregard of Clark's rights as protected by Title VII.

32.     Clark has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: RETALIATION

33.     Paragraphs one (1) through thirty-two (32) of Clark's Complaint are hereby incorporated.

34.     Defendant unlawfully retaliated against Clark by terminating his employment after he engaged in a protected activity.

35.     Defendant's actions were intentional, willful, and in reckless disregard of Clark's rights as protected by Title VII.

**36.** Clark suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Walter Clark, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums,

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:        lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Walter Clark*

## DEMAND FOR JURY TRIAL

The Plaintiff, Walter Clark, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger_____
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:        lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Walter Clark*